IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| National Union Fire Insurance Company of Pittsburgh, PA., as Assignee of American Shipping & Packing, Inc., and Robert Lachowski,<br>    Plaintiff<br><br>vs.<br><br>Westport Insurance Corporation,<br>    Defendant. | No. 10 C 6096<br><br>Judge Charles P. Kocoras<br><br>Honorable Arlander Keys<br>Magistrate Judge |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Plaintiff's, National Union Fire Insurance Company of Pittsburgh, PA. and Robert Lachowski's ("National Union" or "Plaintiff"), Motion for Leave to File an Amended Complaint [52], pursuant to Rule 15(a) of the *Federal Rules of Civil Procedure*. Plaintiff's complaint was drafted in September of 2009, alleging a bad faith claim against Westport Insurance Corporation ("Westport" or "Defendant") for failing to settle a case on behalf of its insureds. After eight unsuccessful months of the parties evaluating the claim and exploring settlement, Plaintiff filed its complaint in May of 2010. Two years after Plaintiff commenced this action and two weeks after the close of extended discovery, Plaintiff seeks to amend the theory of its claim against Westport. For the reasons set forth below, Plaintiff's Motion for Leave to File Amended Complaint is denied.

## Standard of Review

Once the 21-day period for amending as a matter of course has passed, a plaintiff may amend his complaint only with the opposing party's written consent or with leave of the court. *See* Fed. R. Civ. P. 15(a). In deciding whether to grant leave to amend a complaint, the court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Nonetheless, "in disposing of a motion to amend pleading, the court should be prompted by a desire to do justice between the parties rather than to penalize counsel." *In re Haskell*, 73 F.2d 879, 880 (7th Cir. 1934). Under the liberal amendment policy of the Federal Rule of Civil Procedure governing amendment of complaints, a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated. *See* Fed. R. Civ. P. 15(a).

## Analysis

Without explanation for delay, Plaintiff initially sought leave to amend its complaint, asserting that it "merely adds additional information obtained through the course of discovery." (Dkt. #52, Pl.'s Mtn. For leave to File Am. Compl. at p. 2, ¶ 2.) The Amended Complaint inserts ten additional allegations, wholly shifting Plaintiff's theory of liability against Westport from alleged bad faith breach of duty to settle, which eighteen months of previous discovery was centered upon, to the manner in which Westport defended the underlying litigation. Contrary to Plaintiff's contention, changing the theory of the entire complaint is axiomatic of needing to re-open discovery, requiring additional discovery, and delaying the disposition of this case. Plaintiff's undue delay is prejudicial and unduly burdensome to Defendant. Therefore, the Court denies Plaintiff's Motion for Leave to File Amended Complaint [52]. *Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353 (7th Cir. 1982.) (district court did not abuse its discretion in denying motion to amend where motion was filed after parties had completed discovery and where motion would inject a new theory into the litigation.)

Plaintiff's Motion for Leave provided the Court with zero explanation as to why amendment could not have taken place prior to two weeks after the close of discovery. Plaintiff's Reply is the first time the Court is provided with a reason for the delay,

wherein Plaintiff merely alleges that it could not be sure of what Westport "communicated or failed to communicate to its insureds, American Shipping & Packing, Inc. ("ASAP"), and Robert Lachowski, regarding their rights and Westport's choices and conduct," until more recent discovery and fact depositions. (Dkt. #60, Pl.'s Reply at p. 2.) However, ASAP and Mr. Lachowski entered into the assignment underlying this litigation well before the case was removed to this Court in September of 2010. Therefore, National Union has had access to, and information from, the Westport insureds regarding their communications with Westport and their defense counsel for well over a year. Moreover, Plaintiff had contemporaneous knowledge for several years of the allegations regarding the discovery, trial, and settlement conduct of the Defendant in the underlying cases, as both National Union and Westport attended the same mediations, pre-trial, and trial on behalf of their respective insureds. Plaintiff's failure to previously elicit and build upon information from the insureds regarding their communications with Westport and their defense counsel can not now be made Defendant's burden. See *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297-98 (7th Cir. 1993.) (upholding denial of motion to amend answer when defendant was in possession of facts on which proposed amendment was based.)

Plaintiff's Reply asserts that, should National Union be

permitted to amend its complaint, no additional discovery would be necessary and that Westport would be unjustified in demanding any additional information. In reaching this conclusion, that since the amended allegations arise from discovery the parties have already concluded amendment should be granted, Plaintiff relies on one of the least helpful cases to its position. Quoting from *McCann v. Frank B. Hall & Co., Inc.*, 109 F.R.D. 363, 367 (N.D. Ill. 1986), Plaintiff notes that a "court will generally grant leave to amend, even if discovery is substantially completed, if the discovery had adequately covered the subject matter of the amendment." Plaintiff stops the quote short though, as *McCann* ends by stating, [h]owever, where the amendment significantly changes the complaint, thereby necessitating substantial additional discovery, leave to amend should be denied. *Id*.

In the instant case, the amendment would significantly change the complaint by altering its entire theory of liability. Such an alteration necessitates substantial additional discovery. Plaintiff's attempt to minimize the discovery necessary is especially unconvincing in light of the numerous following "newly-discovered facts" it seeks to insert: (1) Westport never advised its insureds of their right to independent counsel based on the conflict created by their exposure in excess of their policy limits (Am. Compl., Doc. 52 Ex. 1 at ¶ 20); (2)

5

Westport failed to notify its insureds of a demand for their policy limits in 2001 (¶ 24); (3) Westport settled certain claims in the underlying lawsuits without consulting its insureds (¶ 25); (4) Westport did not advise its insureds of the mediations that it failed to attend, or of their right to attend the mediations (¶¶ 26, 29); (5) Westport did not advise its insureds of the potential conflict presented by amended allegations of willful and wanton conduct (¶¶ 27-28); (6) Westport failed to advise its insureds of a potential settlement in October 2005 (¶ 31); (7) Westport did not advise its insureds of its trial strategy of implicitly admitting liability, calling no witnesses, introducing no exhibits, not challenging the plaintiffs' damages, and colluding with the plaintiffs, nor of the large counterclaim judgments that could and did result (¶¶ 32-35); (8) Westport failed to notify its insureds of an opportunity to try to resolve the underlying lawsuits immediately after trial (¶ 37); (9) Westport failed to notify its insureds of two mediations before the Seventh Circuit or of the conditions Westport imposed that prevented settlement (¶¶ 43, 45--46); and (10) Westport failed to advise its insureds of their right to independent counsel, ongoing settlement negotiations, or the likely enforcement of Transport Carriers' counterclaim against them (¶ 49). Undoubtedly, allowing the amended complaint, which would include adding the above ten new

allegations, would require re-opening discovery and significantly prolonging the disposition of the case.

Finally, Plaintiff's attempt to downplay Defendant's right to obtain further discovery should the complaint be amended is unavailing. The very case Plaintiff seeks to rely upon makes clear that, because parties approach discovery consistent with the theory of the case as it is framed in the pleadings, when the theory changes, the approach to discovery can shift dramatically. "When a complaint's theories of liability and recovery are altered after discovery is substantially completed, the defendant has the right to obtain information regarding the new claims through additional discovery. Depositions which have already been taken may have to be repeated to pursue these additional claims. The same is true with respect to document requests and interrogatories." *Id.* at 368. Plaintiff opines that the "only fact discovery necessary to litigate the amended allegations is exactly the already-conducted fact discovery that disclosed those same amended allegations." (Dkt. #60, Pl.'s Reply at p. 9.) Plaintiff's contention is inconsistent with the law that regardless of the already-conducted fact discovery, Defendant, nonetheless, has the right to obtain additional discovery consistent with the new theory of liability.

Although delay alone is typically an insufficient basis for denying a motion to amend, delay does constitute grounds for

denying a motion to amend when that delay "results in undue prejudice to the opposing party." *Tragarz v. Keene Corp.*, 980 F.2d 411, 432 (7th Cir. 1992). Here, National Union's motion to amend, filed two weeks after the close of discovery, seeks to inject numerous new allegations and an entirely new theory of liability into the lawsuit. The amended theory of liability is not novel and does not depend on facts discovered late in the discovery process. Westport has already expended considerable time and expense conducting discovery to defend against Plaintiff's original theory, and at this late stage in the proceeding, Plaintiff's motion to amend is both untimely and prejudicial to the Defendant. Therefore, Plaintiff's Motion for Leave to File Amended Complaint is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to File Amended Complaint [52] is denied.

Dated: February 29, 2012

E N T E R E D:

_____
ARLANDER KEYS
United States Magistrate Judge