UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., as Assignee of American Shipping & Packing, Inc., and Robert Lachowski, | ) ) ) ) ) | |
| Plaintiff, | ) ) | 10 C 6096 |
| vs. | ) ) ) | |
| WESTPORT INSURANCE CORPORATION, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Plaintiff National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") objection to Magistrate Judge Arlander Keys's ("Judge Keys") decision pursuant to Federal Rule of Civil Procedure 72(a). For the reasons set forth below, National Union's objection is overruled.

## BACKGROUND

This lawsuit arises out of a fatal traffic accident involving multiple vehicles that occurred on July 1, 1999. Several individuals injured in the accident filed suit in Illinois state court against Jessie Blackmon ("Blackmon"), Transport Carriers, Inc. ("Transport Carriers"), Robert Lachowski ("Lachowski"), and American Shipping & Packing, Inc. ("ASP"). Blackmon and Transport Carriers were insured by National

Union, while Lachowski and ASP were insured by Defendant Westport Insurance Corp. ("Westport").

After several failed settlement negotiations, the case went to trial in the Circuit Court of Cook County, Illinois. On September 1, 2006, a jury returned a verdict for the plaintiffs and awarded damages in excess of $15,000,000. The jury attributed 75% of the fault to Westport's insureds and 25% to National Union's insureds. Lachowski and ASP's insurance policy with Westport had a limit of $1,000,000, while Blackmon and Transport Carriers' policy with National Union included $11,000,000 in coverage.

On April 2, 2007, Transport Carrier and Blackmon filed an appeal. During the pendency of the appeal, National Union and Westport engaged in continued settlement discussions with the plaintiffs. Ultimately, the claims were settled for approximately $10,000,000. However, because Westport had a policy limit of only $1,000,000, Westport's insureds remained liable to National Union for several million dollars.

On March 25, 2009, ASP and Lachowski assigned all of their rights against Westport to National Union. On May 24, 2010, National Union filed suit in Illinois state court against Westport, alleging that Westport settled the underlying litigation in bad faith. The case was removed to this Court on September 23, 2010.

The Court set a discovery schedule and ordered that fact discovery be completed by July 28, 2011. This deadline was subsequently extended to November 30, 2011. On

that date, the parties appeared for a status hearing, at which National Union announced that it contemplated amending its complaint. We referred the case to Judge Keys for supervision of discovery, ruling on any discovery-related motions, setting a new discovery cut-off date, and ruling on National Union's contemplated motion to amend its complaint.

Two weeks thereafter, on December 13, 2011, National Union filed a motion to amend its complaint. Whereas the initial complaint primarily alleged that Westport breached its duty to settle, the proposed amended complaint sought to introduce allegations that Westport defended the underlying litigation in bad faith. The parties fully briefed National Union's motion to amend its complaint, and on February 29, 2012, Judge Keys issued a Memorandum Opinion and Order denying National Union's motion to file an amended complaint. On March 29, 2012, National Union filed its objection to Judge Keys's decision.

**LEGAL STANDARD**

A district court reviewing a magistrate judge's decision on a non-dispositive matter should only modify or set aside that decision if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 594-95 (7th Cir. 2006). Under the "clearly erroneous" standard, a district court will sustain an objection "only if [it] is left with the definite and firm conviction that a

mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). With this deferential standard in mind, we turn to National Union's objection.

## DISCUSSION

As Judge Keys correctly observed, the Federal Rules of Civil Procedure embrace a liberal policy toward the amendment of the pleadings. *See* Fed. R. Civ. P. 15(a); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). However, a court is within its discretion to deny a motion to amend the pleadings if the delay in seeking leave to amend unduly prejudices the nonmovant. *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994). Judge Keys denied National Union's motion to amend its complaint because: (1) the motion was made after undue delay, and (2) allowing the amended complaint at this stage of the proceedings would unduly burden Westport by requiring the reopening of discovery. National Union objects to both of these findings.

First, Judge Keys determined that National Union sought to amend its complaint after undue delay. Undue delay does not exist if a party did not have access to the evidence giving rise to its amended pleadings. *See Bower v. Jones*, 978 F.2d 1004, 1010 (7th Cir. 1992). National Union sought leave to amend its complaint nearly three years after Westport's insureds assigned National Union their rights, eighteen months

after National Union filed suit, and two weeks after the extended fact discovery deadline. National Union asserts that this delay is excusable because it discovered the information it seeks to add to its complaint only after deposing three Westport employees. According to National Union, the deposition testimony revealed that Westport made a conscious decision to put its own interests ahead of those of its insureds but never advised its insureds about a potential conflict of interest or the providence of hiring independent counsel. Additionally, National Union contends that the depositions revealed that Westport believed its only responsibility was to make its policy limits available without regard to keeping damage awards as low as possible. In sum, National Union contends that the deposition testimony revealed that Westport sought to minimize its defense costs at the risk of increasing Lachowski's and ASP's exposure to liability.

Judge Keys considered and ultimately rejected National Union's contentions. He reasoned that because Westport's insureds assigned their rights against Westport to National Union nearly three years ago, National Union was privy to the information, or lack thereof, that Westport provided to its insureds. Additionally, National Union attended all of the mediations and settlement negotiations in the underlying litigation in its capacity as Blackmon and Transport Carrier's insurer. The availability of this information, Judge Keys observed, should have been sufficient for National Union to

include good-faith allegations of Westport's breach of its duty to defend prior to the extended discovery deadline. Judge Keys's conclusion is based on sound reasoning, has a sound basis in law and fact, and is not clearly erroneous.

Second, Judge Keys determined that allowing National Union's amended complaint would unduly burden Westport by requiring substantial additional discovery. National Union maintains that Judge Keys overstated the differences between the existing complaint and the proposed amended complaint and that any additional discovery would be minimal. Whereas National Union's current complaint centers on Westport's alleged failure to settle the underlying litigation in good faith, the amended complaint seeks to introduce ten new allegations premised upon the manner in which Westport defended the underlying litigation. As Judge Keys recognized, there is likely to be some factual overlap between the complaints, and some of the existing discovery may pertain to those additional allegations. However, because National Union seeks to inject a new theory of liability into its complaint, Westport has the right to obtain additional discovery to mount its defense, which will likely include re-taking depositions, exchanging additional document requests, and serving additional interrogatories. *See McCann v. Frank B. Hall & Co.*, 109 F.R.D. 363, 368 (N.D. Ill. 1986). Judge Keys's conclusion that this additional discovery would be unduly burdensome to Westport is neither clearly erroneous nor contrary to law. It is not the

province of this Court to determine whether it would have ruled similarly; rather, we only consider whether we have a firm and definite conviction that Judge Keys's decision was erroneous. Judge Keys properly applied the governing law to the issues in this case, and his reasoning was well-supported and sound. Therefore, National Union's objection is overruled.

## CONCLUSION

For the foregoing reasons, National Union's objection to Judge Keys's decision is overruled.

*Charles P. Kocoras*
_____
Charles P. Kocoras
United States District Judge

Dated: May 22, 2012